NO. 07-04-0084-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 10, 2004

_____

B. T. HEALTH CARE, INC., D/B/A BENDER TERRACE, APPELLANT

V.

THURMAN HONEYCUTT, AS EXECUTOR AND REPRESENTATIVE
OF THE ESTATE OF RONALD HONEYCUTT, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-516,937; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ON ORDER OF ABATEMENT AND REMAND**

Appellant B. T. Health Care, Inc., d/b/a Bender Terrace, is appealing a judgment from a jury trial. The judgment was signed on December 17, 2003. The trial court clerk's record was filed on April 22, 2004 and a supplemental clerk's record was filed on April 29, 2004 and May 4, 2004. The court reporter's record originally was due to be filed on April 15, 2004.

On April 16, 2004, the court reporter requested an extension of time and was granted until May 17, 2004. On May 26, 2004, the court reporter requested a second extension of time and was granted until June 21, 2004. On July 20, 2004 this Court issued a letter asking for a status report to be filed by the court reporter, Deborah Reeves. The Court directed the status report be filed no later than Friday, July 30, 2004. On August 12, 2004, the court reporter responded by filing a 3rd motion for extension of time, without specifying a date to which the extension was required, but stating that she would try to complete the record by September 1, 2004. The record has not been filed and we have had no further contact by the court reporter.

The trial court and an appellate court are jointly responsible for ensuring that an appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must "help ensure that the reporter's work is timely accomplished by setting work priorities," and may appoint a deputy reporter when the official court reporter is unable to perform the duties. Tex. R. App. P. 13.3 and 13.5.

Accordingly, we abate the appeal and remand the cause to the 99th District Court of Lubbock County for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

(1)    whether Deborah Reeves is unable to prepare and file the reporter's record within 30 days from the date of hearing; or

(2)    whether the trial court should appoint a deputy reporter to prepare and file the reporter's record within 30 days from the date of hearing.

The trial court shall cause the hearing to be transcribed. The trial court also shall enter any and all orders necessary to assure the timely completion of the reporter's record in this appeal. So too shall it prepare and file its findings and orders and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause the transcription of the hearing to be included in a supplemental reporter's record. Both the supplemental clerk's record and supplemental reporter's record shall be submitted to the Clerk of this Court by September 28, 2004.

It is so ordered.

Per Curiam